1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE P. HAN
   Assistant U.S. Attorney
3  California State Bar No. 250301
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-5220
   Fax: (619) 235-2757
6  E-mail: caroline.han@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,     )  Criminal Case No. 08CR1546-W
                                  )
13              Plaintiff,        )  **RESPONSE AND OPPOSITION TO**
                                  )  **DEFENDANT'S MOTIONS:**
14              v.                )
                                  )  **(1)  TO COMPEL SPECIFIC DISCOVERY**
15  EMMANUEL                      )
        HERNANDEZ-GAYOSSO,        )  **(2)  TO PRESERVE EVIDENCE**
16                                )
             Defendant.           )  **(3)  FOR LEAVE TO FILE FURTHER MOTIONS**
17                                )
                                  )  Date:   August 25, 2008
18  _____  )  Time:   2:00 p.m.
                                  )  Court:  The Hon. Thomas J. Whelan
19
            COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
20
   United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline Han, and hereby
21
   files its Response and Opposition to Defendant's Motions to Compel Specific Discovery and For
22
   Leave to File Further Motions.  This Response and Opposition is based upon the files and records
23
   of this case, together with the attached Statement of Facts and Memorandum of Points and
24
   Authorities.
25
   //
26
   //
27
   //
28

# I

# STATEMENT OF FACTS

## A. Statement of the Case

On May 14, 2008, a federal grand jury handed up a one-count Indictment charging the defendant with Attempted Entry Into the United States After Deportation in violation of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from the United States subsequent to March 19, 2007. Defendant entered a not guilty plea before the Hon. Thomas J. Whelan on June 2, 2008.

## B. Statement of Facts

### 1. Defendant's Arrest

On March 1, 2008 at approximately 9:45 pm, Border Patrol (BP) Agent Vincent Arguello performed line watch duties in an area known as "Spooner's Mesa" approximately four miles west of the San Ysidro Port of Entry and fifty yards north of the the United States-Mexico international border. After receiving a report that three people were in an area approximately one hundred yards north of the border, BP Agent Arguello responded to that area and found three people hiding in the brush. BP Agent Arguello identified himself as a BP Agent, and conducted an immigration inspection. Among the group was a man who was later identified as the defendant. The defendant stated that he was a Mexican citizen and national, and that he did not have any documents that would allow him to enter or remain in the United States. Thereafter, the defendant was taken into custody and transported to the Imperial Beach BP Station.

At the Imperial Beach station, the defendant was fingerprinted. Based on his fingerprints, the defendant's identity was confirmed, as well as the fact that he had been previously deported and that he had prior criminal history. This confirmation did not occur until the next morning because the Department of Homeland Security database was down for approximately 6 hours that evening.

### 2. Defendant's Statements

On March 2, 2008 at approximately 9:25 am, the defendant was advised of his consular rights. He stated that he understood his rights, and admitted to being a citizen and national of

1    Mexico who was in the United States illegally and that he was in possession of any documents that

2    would allow him to stay legally in the United States.

3        On March 2, 2008 at approximately 9:26 am, the defendant was informed that his

4    administrative rights were no longer applicable and was advised of his <u>Miranda</u> rights. The

5    defendant stated that he understood his rights and was willing to waive those rights. The defendant

6    then admitted to being a citizen and national of Mexico who was in the United States illegally and

7    that he was in possession of any documents that would allow him to stay legally in the United

8    States.

9        **C. <u>Defendant's Criminal History</u>**

10        On February 19, 2004, the defendant was convicted of False ID to a Peace Officer in

11    the Los Angeles Superior Court, and was sentenced to 20 days jail and 36 months probation.

12        On April 7, 2005, the defendant was convicted of False ID to a Peace Officer in the

13    Riverside County Superior Court, and was sentenced to a fine and 36 months probation.

14        On May 3, 2005, the defendant was convicted of Possession of Marijuana for Sale in

15    the Orange County Superior Court, and was sentenced to 90 days jail and 3 years probation.

16        On February 14, 2007, the defendant was convicted of Carrying a Concealed Weapon in

17    a Vehicle in the Los Angeles Superior Court, and was sentenced to 60 days jail and 36 months

18    probation.

19        On March 19, 2007, the defendant was convicted of Taking a Vehicle Without Consent

20    in the Los Angeles Superior Court, and was sentenced to 16 months prison.

21                                **II**

22        **MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

23        The Government intends to continue full compliance with its discovery obligations under

24    Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the

25    Federal Rules of Criminal Procedure. To date, the Government has provided 50 pages of

26    discovery, a DVD that includes the advisal of rights and the defendant's statement, and a copy of

27    the defendant's deportation tape. The Government anticipates that all discovery issues can be

28    resolved amicably and informally, and has addressed Defendant's specific requests below.

1          **(1) Defendant's Statements**

2          The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

3    provide to Defendant the substance of Defendant's oral statements and Defendant's written

4    statements. The Government has produced all of the Defendant's statements that are known to the

5    undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or

6    written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

7    statements will be provided to Defendant.  Rule 16 does not require the United States to do so, and

8    there is no reason that has been specified for this request.  As such, the request should be denied.

9          The Government has no objection to the preservation of the handwritten notes taken by any

10   of the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

11   must preserve their original notes of interviews of an accused or prospective government

12   witnesses).

13         However, the Government objects to providing Defendant with a copy of the rough notes

14   at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of

15   those notes have been accurately reflected in a type-written report. See United States v. Brown,

16   303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule

17   16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor

18   discrepancies" between the notes and a report). The Government is not required to produce rough

19   notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18

20   U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a

21   witness' assertion, and (2) have been approved or adopted by the witness. United States v.

22   Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute

23   "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035,

24   1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were

25   scattered and all the information contained in the notes was available in other forms). The notes

26   are not Brady material because the notes do not present any material exculpatory information, or

27   any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at

28   595-96 (rough notes were not Brady material because the notes were neither favorable to the

defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

### (2) Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)© in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

### (3) Tangible Objects

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### (4) Defendant's Prior Record

The United States has already provided Defendant with a copy of any criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

### (5) Proposed 404(b) and 609 Evidence

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its proposed use of such evidence and information about such bad act at or before the time the United

States' trial memorandum is filed. The United States reserves the right to introduce as prior act evidence any conviction, arrest or prior act that is disclosed to the defense in discovery.

**(6) Arrest reports, notes, dispatch tapes**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case that are available at this time. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16. As previously noted, the Government has no objection to the preservation of the agents' handwritten notes, but objects to providing Defendant with a copy of the rough notes at this time because the notes are not subject to disclosure under Rule 16, the Jencks Act, or Brady. The United States is presently unaware of any dispatch tapes relating to the Defendant's arrest in this case.  In addition, the United States has already discovered a copy of the Report of Investigation for the defendant's case.

**(7) Evidence of Bias or Motive To Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(8) Impeachment Evidence**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(9) Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a

defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(10) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling. The United States recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection or ability to communicate. The Government objects to providing any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

**(11) <u>Personnel Records of Government Officers Involved in the Arrest</u>** – The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call inspectors, officers, and special agents to testify.  As previously noted, the Government will comply with <u>Henthorn</u> and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

**(12) Witness Addresses**

The Government has already provided Defendant with the reports containing the names

of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)©." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(13) Names of Witnesses Favorable to the Defendant**

The Government willl comply with its obligations under Brady and its progeny. At the present time, the Government is not aware of any witnesses who have made an arguably favorable statement concerning the defendant.

**(14) Statements Relevant to the Defense**

The United States will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

**(15) Specific Inquiries of Agents**–The defendant has moved this Court to order the Government to make specific inquiries of each government agent regarding the addresses of

1    witnesses, the the name and address of every witness to the offense, and the name of any witness

2    who made an arguably favorable statement concerning the defendant. Absent a specific showing

3    by the defendant that this is necessary, the Government objects to this order. The Government has

4    in many cases in the past made sufficient inquiries and need not be directed as to the manner in

5    which it will obtain this requested information.

6    **(16) Henthorn Material**

7    The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)

8    and request that all federal agencies involved in the criminal investigation and prosecution review

9    the personnel files of the federal law enforcement inspectors, officers, and special agents whom

10    the Government intends to call at trial and disclose information favorable to the defense that meets

11    the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir.

12    2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned

13    Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel

14    files is "material," the information will be submitted to the Court for an in camera inspection and

15    review.

16    **(17) Expert Witnesses**

17    The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

18    summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

19    of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the

20    expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

21    opinions.

22    **(18) Confidential Informant**–The Government is unaware of any confidential informant

23    who is involved in this case. Should the Government become aware of any such person, the

24    Government will inform the defendant of said information or seek a protective order from the

25    Court if necessary.

26    **(19) Giglio Information**

27    The United States will comply with its obligations pursuant to Brady

28    v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir.

1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(20) Grand Jury Testimony**–The defendant has moved for the disclosure of the grand jury minutes.  However, in this case, the defendant has failed to make any particularized need.  That is because no such need exists in this case.  For these reasons, the defendant's motion should be denied.

### (21) Brady Material

The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)). Nor does Brady require the Government "to create exculpatory evidence that does not exist," United States

1    v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply

2    a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d

3    432, 438 (9th Cir. 1976). 1988) ("No [Brady] violation occurs if the evidence is disclosed to the

4    defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand

5    for

6    this information is premature.

7    **III**

8    **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

9         The Government does not object to the granting of leave to file further motions as long as

10    the further motions are based on newly discovered evidence or discovery provided by the

11    Government subsequent to the instant motion at issue.

12    **IV**

13    **CONCLUSION**

14         For the foregoing reasons, the Government requests that the Court deny Defendant's

15    motions, except where unopposed, and grant the Government's motion for reciprocal discovery

16    and to compel a fingerprint exemplar.

17

18         DATED: August 18, 2008

19             Respectfully submitted,

20             KAREN P. HEWITT
         United States Attorney

21             /s/ *Caroline P. Han*

22             CAROLINE P. HAN
         Assistant United States Attorney
         Attorneys for Plaintiff

23             United States of America

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1546-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| EMMANUEL | ) | |
| HERNANDEZ-GAYOSSO, | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

     I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.
     I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     **Charles Adair**
     *Attorney for defendant*

     I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

     None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on August 18, 2008

          /s/ *Caroline P. Han*
          CAROLINE P. HAN