1   KAREN P. HEWITT
    United States Attorney
2   CAROLINE P. HAN
    Assistant U.S. Attorney
3   California State Bar No. 250301
    United States Attorney's Office
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Phone: (619) 557-5220
    Fax: (619) 235-2757
6   E-mail: caroline.han@usdoj.gov

7   Attorneys for Plaintiff
    United States of America
8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,        )  Criminal Case No. 08CR1546-W
                                     )
12              Plaintiff,           )  GOVERNMENT'S MOTIONS:
                                     )
13         v.                        )  (1)  TO COMPEL FINGERPRINT EXEMPLAR
                                     )  (2)  FOR PRODUCTION OF RECIPROCAL
14                                   )       DISCOVERY
    EMMANUEL                         )
15       HERNANDEZ-GAYOSSO,          )
                                     )  Hon. Thomas J. Whelan
16              Defendant.           )  August 25, 2008
                                     )  2:00 pm
17                                   )
                                     )
18  _____ )

19          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20  United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby

21  files its Motion to Compel the Defendant's Fingerprint Exemplar and for Production of Reciprocal

    Discovery, together with the attached Statement of Facts, and Memorandum of Points and
22
    Authorities.
23
    //
24
    //
25
    //
26
    //
27
    //
28
    //

# I

## STATEMENT OF FACTS

### A. Statement of the Case

On May 14, 2008, a federal grand jury handed up a one-count Indictment charging the defendant with Attempted Entry Into the United States After Deportation in violation of Title 8, United States Code, Section 1326. The indictment also alleges that Defendant was removed from the United States subsequent to March 19, 2007. Defendant entered a not guilty plea before the Hon. Thomas J. Whelan on June 2, 2008.

### B. Statement of Facts

#### 1. Defendant's Arrest

On March 1, 2008 at approximately 9:45 pm, Border Patrol (BP) Agent Vincent Arguello performed line watch duties in an area known as "Spooner's Mesa" approximately four miles west of the San Ysidro Port of Entry and fifty yards north of the the United States-Mexico international border. After receiving a report that three people were in an area approximately one hundred yards north of the border, BP Agent Arguello responded to that area and found three people hiding in the brush. BP Agent Arguello identified himself as a BP Agent, and conducted an immigration inspection. Among the group was a man who was later identified as the defendant. The defendant stated that he was a Mexican citizen and national, and that he did not have any documents that would allow him to enter or remain in the United States. Thereafter, the defendant was taken into custody and transported to the Imperial Beach BP Station.

At the Imperial Beach station, the defendant was fingerprinted. Based on his fingerprints, the defendant's identity was confirmed, as well as the fact that he had been previously deported and that he had prior criminal history. This confirmation did not occur until the next morning because the Department of Homeland Security database was down for approximately 6 hours that evening.

#### 2. Defendant's Statements

On March 2, 2008 at approximately 9:25 am, the defendant was advised of his consular rights. He stated that he understood his rights, and admitted to being a citizen and national of

Mexico who was in the United States illegally and that he was in possession of any documents that would allow him to stay legally in the United States.

On March 2, 2008 at approximately 9:26 am, the defendant was informed that his administrative rights were no longer applicable and was advised of his <u>Miranda</u> rights. The defendant stated that he understood his rights and was willing to waive those rights. The defendant then admitted to being a citizen and national of Mexico who was in the United States illegally and that he was in possession of any documents that would allow him to stay legally in the United States.

**C. Defendant's Criminal History**

On February 19, 2004, the defendant was convicted of False ID to a Peace Officer in the Los Angeles Superior Court, and was sentenced to 20 days jail and 36 months probation.

On April 7, 2005, the defendant was convicted of False ID to a Peace Officer in the Riverside County Superior Court, and was sentenced to a fine and 36 months probation.

On May 3, 2005, the defendant was convicted of Possession of Marijuana for Sale in the Orange County Superior Court, and was sentenced to 90 days jail and 3 years probation.

On February 14, 2007, the defendant was convicted of Carrying a Concealed Weapon in a Vehicle in the Los Angeles Superior Court, and was sentenced to 60 days jail and 36 months probation.

On March 19, 2007, the defendant was convicted of Taking a Vehicle Without Consent in the Los Angeles Superior Court, and was sentenced to 16 months prison.

## II

## GOVERNMENT MOTION FOR FINGERPRINT EXAMPLARS

**A. Government Motion For Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving

1    Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not

2    implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing

3    United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order

4    requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth

5    Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth

6    Amendment privilege "offers no protection against compulsion to submit to fingerprinting");

7    Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence

8    of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth

9    Amendment).

10    **B. Government's Motion to Compel Reciprocal Discovery**

11    **1. All Evidence That Defendant Intends to Introduce in His Case-In-Chief**

12    Since the Government will honor Defendant's request for disclosure under Rule

13    16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant

14    to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and

15    photograph any and all books, papers, documents, photographs, tangible objects, or make

16    copies or portions thereof, which are within the possession, custody, or control of Defendant

17    and which Defendant intends to introduce as evidence in his case-in-chief at trial.

18    The Government further requests that it be permitted to inspect and copy or photograph

19    any results or reports of physical or mental examinations and of scientific tests or experiments

20    made in connection with this case, which are in the possession and control of Defendant, which

21    he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness

22    whom Defendant intends to call as a witness. The Government also requests that the Court

23    make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the

24    Government receives the reciprocal discovery to which it is entitled.

25    **2. Reciprocal Jencks – Statements By Defense Witnesses**

26    Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

27    production of the prior statements of all witnesses, except a statement made by Defendant.  The

28    time frame established by Rule 26.2 requires the statements to be provided to the Government

1    after the witness has testified.  However, to expedite trial proceedings, the Government hereby

2    requests that Defendant be ordered to provide all prior statements of defense witnesses by a

3    reasonable date before trial to be set by the Court.  Such an order should include any form in

4    which these statements are memorialized, including but not limited to, tape recordings,

5    handwritten or typed notes and reports.

### III

### CONCLUSION

8            For the foregoing reasons, the Government requests that the Court grant the

9    Government's motion for reciprocal discovery and to compel a fingerprint exemplar.

10            DATED: August 18, 2008

11                                                                    Respectfully submitted,

12                                                                    KAREN P. HEWITT
13                                                                    United States Attorney

14                                                                    /s/ *Caroline P. Han*
                                                                     CAROLINE P. HAN
15                                                                    Assistant United States Attorney
                                                                     Attorneys for Plaintiff
16                                                                    United States of America

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR1546-W |
| Plaintiff, | ) |
| v. | ) CERTIFICATE OF SERVICE |
| EMMANUEL HERNANDEZ-GAYOSSO, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS TO COMPEL FINGERPRINT EXEMPLAR AND FOR PRODUCTION OF RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Charles Adair**
*Attorney for defendant*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2008

/s/ *Caroline P. Han*
CAROLINE P. HAN